UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREMIERE DANCE CENTER, a Washington Limited Liability Company, and SHELBY LYNCH, an individual,<br><br>Defendants. | No.: 2:24-cv-00376<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

## I. INTRODUCTION

1.  This is an action for declaratory relief and judgment pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff First National Insurance Company of America ("First National" or "Plaintiff Insurer") seeks a declaration of its rights and obligations as to Defendant Premiere Dance Center, LLC ("Premiere Dance") under a commercial general liability insurance policy allegedly issued by the Plaintiff Insurer.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 1

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:     (206) 292-8930

2. The matter that gives rise to the Plaintiff Insurer seeking such a declaration is an underlying lawsuit filed against Premiere Dance by an individual who alleges that she was sexually abused by Kristopher A. Backman, a former dance instructor of Premiere Dance.

3. In the underlying lawsuit, Shelby Lynch (the "Underlying Plaintiff") alleges that, as a minor, she was a "dance class patron" of Premiere Dance and that Kristopher Backman, an employee of Premiere Dance, sexually abused her.

4. The Plaintiff Insurer seeks a declaration that it is not obligated to defend or indemnify Premiere Dance against the Underlying Lawsuit because, among other reasons, the policy contains an exclusion barring coverage for injuries arising out of the alleged abuse or molestation of any person while in the care, custody, and control of Premiere Dance.

5. The Underlying Plaintiff is a nominal party to this declaratory judgment action. The Underlying Plaintiff has been named solely so that she will be bound by the judgment in this action. The Plaintiff Insurer does not seek relief from the Underlying Plaintiff. In the event that the Underlying Plaintiff stipulates and agrees to be bound by the judgment entered in this case, the Plaintiff Insurer will voluntarily dismiss her from this action.

## II. PARTIES

6. First National is a New Hampshire corporation with its principal place of business in Massachusetts.

7. Upon information and belief, Premiere Dance is a Washington limited liability company with a principal place of business in Redmond, Washington.

8. Upon information and belief, each and every member of Premiere Dance is a resident of Washington.

9. Upon information and belief, Shelby Lynch is a citizen of the United States of America and resident of the State of Washington.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 2

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

## III. JURISDICTION AND VENUE

10. This is a proceeding for declaratory relief pursuant to Title 28 of the United States Code, § 2201, *et seq.*, to determine the scope of the respective rights, duties, and obligations, if any, of the Plaintiff Insurer to Premiere Dance under a certain policy of insurance with respect to the underlying lawsuit for which Premiere Dance seeks coverage.

11. Jurisdiction for this proceeding is proper in the federal court pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Complaint for Declaratory Judgment occurred in this district.

## IV. FACTUAL BACKGROUND

### A. The Underlying Lawsuit

13. On September 18, 2023, the Underlying Plaintiff filed a Lawsuit in the Superior Court of the State of Washington, King County titled *Shelby Lynch v. Premiere Dance Center, LLC,* Case No. 23-2-17793-2 (the "Underlying Complaint").

14. In the Underlying Complaint, the Underlying Plaintiff asserts claims against Premiere Dance arising out of her alleged sexual abuse by Backman. *See generally*, Underlying Complaint, attached hereto as **Exhibit A**.

15. In the Underlying Complaint, the Underlying Plaintiff alleges that she was a minor "dance class patron" of Premiere Dance. Ex. A, Compl. at ¶ 3.

16. In the Underlying Complaint, the Underlying Plaintiff alleges that from August 2006 to March 2007, Backman repeatedly sexually assaulted her. *Id. at* ¶ 5.

17. In the Underlying Complaint, the Underlying Plaintiff alleges that on February 27, 2007, March 11, 2007, and March 29, 2007, Backman sexually assaulted her – either at the dance studio or during times when she was scheduled to be in dance class at the dance studio. *Id.*

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 3

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone:   (206) 292-8930

18. In the Underlying Complaint, the Underlying Plaintiff alleges that "other victims are understood to have disclosed abuse" by Backman. *Id.* at ¶ 6.

19. In the Underlying Complaint, the Underlying Plaintiff alleges that "[i]t is strongly believed that [Premiere Dance] had notice that Backman was previously engaged with inappropriate sexual behavior and failed to act in a timely fashion." *Id.* at ¶ 7.

20. The Underlying Plaintiff asserts causes of action against Premiere Dance for negligence and violation of RCW Chapter 49.60. *Id.* at ¶ 9.

B. **The Policy**

21. First National issued the following Commercial Package Policy to Premiere Dance which was in effect during certain of the alleged sexual assaults: Policy number 01-CH-414237 with a policy period of February 6, 2007 to February 6, 2008 (the "Policy"). Selected pages of the 2007 Policy are attached hereto as **Exhibit B**.

22. The Commercial General Liability Coverage Part of the Policy (Form CG 00 01 12 04) contains two liability coverage parts: (i) Coverage A (Bodily Injury and Property Damage Liability); and (ii) Coverage B (Personal and Advertising Injury Liability).

23. The Insuring Agreement for Coverage A provides, in relevant part, as follows:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply. …

    b. This insurance applies to "bodily injury" … only if:

        (1) The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 4

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

> (2) The "bodily injury" … occurs during the policy period; and
>
> (3) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" … had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" … occurred, then any continuation, change or resumption of such "bodily injury" … during or after the policy period will be deemed to have been known prior to the policy period.

Ex. B, FNICA_0000003.

24. The Policy defines the term "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. B, FNICA_0000015.

25. The Policy defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, FNICA_0000017.

26. Coverage A contains an Expected or Intended Injury Exclusion which bars coverage for "[b]odily injury" that is "expected or intended from the standpoint of the insured." Ex. B, FNICA_0000004.

27. The Insuring Agreement for Coverage B for the Policy provides, in relevant part, as follows:

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 5

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone:    (206) 292-8930

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. …

    b. This Insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Ex. B, FNICA_0000008.

28. The Policy defines the term "[p]ersonal and advertising injury" to mean: injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; [or]

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

  e. Oral or written publication, in any manner, of material that violates a person's right of privacy[.]

Ex. B, FNICA_0000017.

29. The Policy contains an Abuse or Molestation Exclusion (Form CG 21 46 07 98), which applies to the Commercial General Liability Coverage Part, and provides as follows:

> This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of:
>
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> 2. The negligent:
>
>    a. Employment;
>
>    b. Investigation;
>
>    c. Supervision;
>
>    d. Reporting to the proper authorities, or failure to so report; or
>
>    e. Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

Ex. B, FNICA_0000019.

## V. COUNT I

### Declaratory Relief:  No Coverage for the Underlying Lawsuit

30. The Plaintiff Insurer re-alleges and incorporates by reference Paragraphs 1 to 29 as through fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 7

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810,
Seattle, Washington  98101
Telephone:    (206) 292-8930

31. The Policy does not apply to "bodily injury" or "personal and advertising injury" that took place before to the inception of the Policy.

32. The Underlying Plaintiff's alleged "bodily injury" was not caused by an "occurrence" and, therefore, Coverage A is not applicable to the Underlying Lawsuit.

33. The Expected or Intended Injury Exclusion bars coverage for the Underlying Plaintiff's alleged "bodily injury" and, therefore, Coverage A is not applicable to the Underlying Lawsuit.

34. The Underlying Plaintiff does not allege a "personal and advertising injury".

35. In the absence of a "personal and advertising injury", Coverage B is not applicable to the Underlying Lawsuit.

36. The Abuse or Molestation Exclusion bars coverage for the Underlying Lawsuit under Coverage A and Coverage B.

37. Because the Policy does not afford coverage for the Underlying Lawsuit, the Plaintiff Insurer has no duty to defend or indemnify Premiere Dance against the Underlying Lawsuit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
NO.: 2:24-cv-00376

Page 8

**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810,
Seattle, Washington 98101
Telephone:    (206) 292-8930

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Insurer seeks the following relief:

a. A declaration that, because the Policy does not afford coverage for the Underlying Lawsuit, the Plaintiff Insurer is not required to defend or indemnify Premiere Dance against the Underlying Lawsuit; and

b. For any other or further relief that the Court deems just, proper, and equitable.

DATED: March 19, 2024

BULLIVANT HOUSER BAILEY PC

By  /s/ Lloyd Bernstein
Lloyd Bernstein, WSBA #46244
Lloyd.bernstein@bullivant.com

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Nancy D. Adams  (*Pro Hac Vice Pending*)
Ellen M. Farrell (*Pro Hac Vice Pending)*
Grady R. Campion (*Pro Hac Vice Pending*)

*Attorneys for Plaintiff First National Insurance Company of America*

4876-2798-8143.1